UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**In Re:** Clarence W. Hunter &  ) **Chapter 13 Case No.: 15-50670-amk**
      Cynthia W. Hunter  )
      )  Judge Alan M. Koschik
Debtor(s).  ) **Original Chapter 13 Plan**
      )

*********************************************************************************

**ATTENTION CREDITORS - YOUR RIGHTS MAY BE AFFECTED**.

    The purpose of this plan is to organize how claims are proposed to be paid and allow users of the plan to easily review the plan for specific items and treatment under the plan. Creditors must exercise their own judgment in deciding whether to accept or oppose the plan. Creditors should read this plan carefully and discuss it with their attorney. Anyone who wishes to oppose any provision of this plan must file with the Court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Court in order to receive distributions under this plan. Absent an objection by the Debtor(s) or other party in interest, the Trustee shall pay claims as filed. Secured claims must have proof of security attached. Creditors claiming a right to interest should state the interest rate on the front page of the proof of claim.**

_____

    1.    **PLAN PAYMENTS**

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

    To the Chapter 13 Trustee (hereinafter "Trustee"): $ __365.00__ per month, payable in
    __X__ monthly     _____ semi-monthly     _____ bi-weekly     _____ weekly installments of
    $ __365.00__ each, for a period of __60__ Months.

    _____ Debtor Wife is employed by shall make payment by payroll deduction.

    _____ The Debtor is self-employed and shall make payments to the Trustee by cashier check or money order.

    __X__ The Debtor is retired and/or has (source of income) and shall make payments to the Trustee by check or money order.

    The Debtor(s) further proposes to devote all annual income tax refunds greater than $1,500 (Fifteen Hundred Dollars), excluding child care, educational, and earned income credits to the repayment of creditors under this plan. Upon application by the Debtor(s), and for good cause shown, the Court may consider and may grant a temporary suspension of plan payments without hearing or notice. A suspension of plan payments, if approved by the Court, will not reduce the total amount of repayment creditors are to receive under the plan.

**2.     ADEQUATE PROTECTION PAYMENTS PRIOR TO CONFIRMATION**

The Debtor will enter into an agreed entry with the Creditor(s) listed below and     the Trustee authorizing the Trustee to make adequate protection payments prior to the confirmation of this plan to the following creditors if the Creditor(s) so desire.

| CREDITOR | COLLATERAL |  | AMOUNT |
|---|---|---|---|
| US Bank | Lexus RX 330 |  | $ 200.00 |
|  |  |  |  |

**3.     ORDER OF DISTRIBUTION**

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Paragraphs 4, 5 and 6; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims.     If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may use best efforts to pay secured creditors from the funds on deposit with the Trustee on the date of distribution.     Should the Debtor's plan payments result in the completion of payments to unsecured and priority creditors while leaving a balance owing to secured creditors, the Trustee is authorized to remove the fixed monthly payment amounts to     finish payment to secured creditors on a pro rata basis in order to expedite payment to the secured creditors.

**4.     CLAIMS SECURED BY REAL PROPERTY**

   A.     Mortgage Arrearages and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages in equal monthly payments.     Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.     Note:     The interest rate requested by the creditor should be stated on the front of the proof of claim.     Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

                              Property                    Amount to be Paid     Interest          Monthly
                                        Payment
<u>Creditor</u>                                                                                   <u>Address</u>

| Creditor | Address | Property | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment Paid by Trustee |
|---|---|---|---|---|---|
| Chase Home Finance, LLC | 472 Otis Court Sagamore Hills, OH 44067 | | $ 0.00 | | |
| Chase Home Finance, LLC | 472 Otis Court Sagamore Hills, OH 44067 | | $ 0.00 | | |
| Discover | 472 Otis Court Sagamore Hills, OH 44067 | | See Paragraph 12(1) | | |

    **B.**    **Liens and Other Claims secured by Real Estate**

| Creditor | Address | Property | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment Paid by Trustee |
|---|---|---|---|---|---|

**5.**    **CLAIMS SECURED BY PERSONAL PROPERTY**

    **A.**    **Secured Claims to be Paid Through the Plan:**

Trustee shall pay the following claims in equal monthly payments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| US Bank | 2006 Lexus RX 330 | $ 2,665.00 | 5% | |

**While the claim of US Bank is Subject to Cram-Down, since the value of the vehicle exceeds the amount owed, the claim of US Bank is subject to Cram-Down only as to interest**

    **B.**    **Secured Claims not to be Paid Through the Plan:**

Debtor shall pay the following claims in equal monthly installments.

| Creditor | Collateral Description | Claim Amount | Interest Rate | Monthly Payment (Paid by Debtor(s)) |
|---|---|---|---|---|
| None | | | | |

**6.**    **FEDERAL TAX LIENS SECURED BY REAL AND PERSONAL PROPERTY**

| Claim Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|
| None | | |

**7.**    **DOMESTIC SUPPORT OBLIGATIONS**

Debtor _____does _____X\_\_\_\_\_does not have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>

The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

Holder

| Name | Address of Holder | Address of Child Enforcement Support Agency |
|---|---|---|
| None | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Creditor Address | Estimated Arrearage Claim |
|---|---|---|
| None | | |

**8. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| None | |

**9. GENERAL UNSECURED CLAIMS**

Unsecured Creditors shall be paid 1% of timely filed and non disputed general non-priority unsecured claims.

**10. PROPERTY TO BE SURRENDERED**

Debtor will surrender their interest in the following property. All secured creditors shall have one (1) year from the granting of the relief from stay on said property to file a deficiency claim if one so exists or forever be barred in this bankruptcy case. If a relief from stay is not filed within one year of the filing of the Debtor's petition, the secured creditors would also be barred from filing a deficiency claim in this bankruptcy case.

| Creditor | Property Description |
|---|---|
| None. | |

**11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are accepted and the Debtor shall pay the monthly payment directly to the creditor:

| Creditor | Property Description |
|----------|----------------------|
| None     |                      |

**12. SPECIAL PROVISIONS**

The following provisions shall also apply:

(1) The following liens will be avoided under 11 U.S.C. § 522(f)(1)(A), or other applicable sections to the Bankruptcy Code:

**Discover:** in the approximate amount of $ 13,886.97.


 /s/Clarence L. Hunter
Debtor

/s/Cynthia W. Hunter
Debtor

Attorney Signature /s/Milos Gvozdenovic, Esq.

Name    Milos Gvozdenovic, Esq.

Ohio Registration No. 0077969

Address 1991 Crocker Road, Suite 600, Westlake, Ohio 44145

Phone    440-892-3371

E-mail    Milos@BandGLegal.com